IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARIANNA GOODMAN, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> HOWARD LUTNICK, in his official capacity as Secretary of Health and Human Services, et al., <br><br> *Defendants*. | Case No.: 8:25-cv-02097-LKG |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Plaintiffs respectfully submit this memorandum in opposition to Defendants' motion to stay due to lapse of appropriations (ECF No. 15). Plaintiffs recognize the difficulties associated with the ongoing lapse in federal appropriations, but in the circumstances presented here, a stay is not necessary or warranted. The current pending deadline in this matter is Plaintiffs' deadline to oppose Defendants' motion to dismiss, filed earlier today. *See* ECF No. 14. The government will not be under any deadline until after Plaintiffs' opposition is filed in two weeks. A stay is unnecessary for that reason alone. Moreover, the scope of this lawsuit and the interests at stake weigh strongly in favor of moving the case forward. Plaintiffs stand ready to meet their deadline under the Court's Scheduling Order (ECF No. 13) and ask that they be permitted to do so.

1. This is a case of great importance. Plaintiffs filed this class action lawsuit to vindicate their rights under the Privacy Act—and the rights of hundreds of their former colleagues—that were violated when Defendants relied on inaccurate or incomplete personnel records to terminate probationary employees *en masse* earlier this year at the National Oceanic

1

and Atmospheric Administration.  Plaintiffs sought expedited consideration, *see* Compl. at 40, due in part to the real and ongoing harm that Plaintiffs and putative class members continue to suffer with each passing day.  These harms include lost wages and missing job benefits, costs to treat physical and mental conditions caused by losing their jobs, and diminished earning capacity and employment prospects as they look for new work.  Compl. ¶¶ 55, 83, 89, 95, 101, 102.  An indefinite stay—with no known or knowable end date—would only compound these harms.

The irony, unfortunately, is that the current shutdown does not appear to have stopped Defendants and other federal agencies from continuing their campaign against federal workers.  Indeed, at least some Defendants appear to be using the shutdown as an opportunity to carry out more mass firings.[1]  If a government shutdown does not slow down indiscriminate layoffs, it should not slow down the litigation holding the government accountable, either.

2. Defendants argue that a stay is necessary during the ongoing lapse in federal appropriations because government employees are prohibited from working under the Antideficiency Act.  *See* ECF No. 15 ¶ 4.  But it is well settled that government attorneys are authorized to continue working during a shutdown in certain situations, including those that apply here.  *See, e.g.*, U.S. Department of Justice FY 2026 Contingency Plan at 1, 3 (Sept. 29, 2025) (noting that government litigation activities may continue during a shutdown when "the protection of property would be compromised," and also noting that court orders "constitute express legal authorization" for government activities to continue);[2] *Kornitzky Grp. v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (denying stay and citing previous DOJ contingency

---

[1] *See, e.g.*, Sophia Cai, "White House to agencies: Prepare mass firing plans for a potential shutdown," *Politico* (Sept. 24, 2025), https://www.politico.com/news/2025/09/24/white-house-firings-shutdown-00579909.

[2] https://www.justice.gov/jmd/media/1377216/dl.

plan). Defendants appear to have acknowledged that they are permitted to work on this matter notwithstanding the lapse in appropriations, as just today Defendants filed their motion to dismiss despite the lapse. *See* ECF Nos. 14, 14-1.

That accords with this District's decision to *not* presumptively stay all civil litigation involving the federal government during the lapse in appropriations. As Local Rule 512 explains, even during a shutdown, "[t]his Court . . . is always open to exercise the judicial power of the United States." Yesterday, Chief Judge Russell denied an omnibus motion by the government to stay certain civil cases—including this one—in which the United States is a party, directing instead that the government file "individual motions to stay" to be considered "by the presiding judge" on the facts and circumstances of each case. Order (ECF No. 3), *In Re: Lapse of Appropriations on Oct. 1, 2025* (D. Md. Oct. 2, 2025). The District of Maryland also notified litigants and the public that the District "will continue normal operations" during the government shutdown, and that "no deadlines are subject to a stay" absent an order "in a specific case."[3] Consistent with this approach, courts throughout the District have denied the government's case-specific stay motions in the current and prior shutdowns.[4] This Court should do the same.

---

[3] https://www.mdd.uscourts.gov/news/district-court-open-during-government-shutdown-2025-10-01t000000.

[4] *See, e.g.*, Order (ECF No. 23), *Freestate Justice v. EEOC*, No. 1:25-cv-2482 (D. Md. Oct. 3, 2025); Order (ECF No. 46), *EEOC v. GBMC Healthcare*, No. 1:24-cv-2803 (D. Md. Oct. 2, 2025) (directing that "all existing dates and deadlines in this case remain unchanged"); Order (ECF No. 88), *Mayor and City Council of Ocean City v. U.S. Dep't of Interior*, No. 1:24-cv-3111 (D. Md. Oct. 2, 2025) (proceeding with status conference); Letter to Counsel (ECF No. 14), *Mayor and City Council of Baltimore v. Trump*, No. 1:18-cv-3636 (D. Md. Jan. 16, 2019); Letter Order (ECF No. 55), *NAACP v. Bureau of the Census*, No. 8:18-cv-891 (D. Md. Jan. 7, 2019) (denying motion to continue hearing); Order (ECF No. 173), *United States v. Baltimore Police Dep't*, No. 1:17-cv-99 (D. Md. Dec. 26, 2018); Order (ECF No. 95), *Kravitz v. U.S. Dep't of Commerce*, No. 8:18-cv-1570 (D. Md. Dec. 28, 2018).

3. In any event, having now filed their motion to dismiss, Defendants are not currently under any obligations in this matter that warrant a stay. The next deadline applies to Plaintiffs, who are fully prepared to file their opposition to Defendants' motion to dismiss as scheduled on October 17, 2025. *See* ECF No. 13 (Scheduling Order). Any consideration of a stay of the government's obligations can and should be deferred for two weeks, until Plaintiffs have filed their opposition brief. To the extent that appropriations have not been restored by then, Defendants may renew their request for a stay at that time if necessary. For now, however, there is no need to stay all deadlines indefinitely as requested in the government's motion.

\* \* \*

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to stay (ECF No. 15). To the extent the Court grants the motion, Plaintiffs request that they be permitted to file their opposition to Defendants' motion to dismiss as previously scheduled on October 17, 2025.

Dated: October 3, 2025

Respectfully submitted,

/s/ Jessica Merry Samuels
Jessica Merry Samuels (Bar No. 31701)
Clayton L. Bailey (Bar No. 31812)
**Civil Service Law Center LLP**
1325 G Street NW, Suite 500, PMB 801
Washington, DC 20005
(202) 571-7840
jsamuels@civilservicellp.com