PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**SECOND DECLARATION OF CRYSTAL TAYLOR IN SUPPORT OF DEFENDANT DEPARTMENT OF COMMERCE'S REPORT REGARDING COMPLIANCE WITH SEPTEMBER 12, 2025 ORDER** |

Pursuant to 28 U.S.C. § 1746, I, Crystal Taylor, declare as follows:

1. I am the Acting Chief Human Capital Officer and Director, Office of Human Resources Management at the Department of Commerce (Commerce), headquartered in Washington, D.C. I have served in this position since September 25, 2025. I make this Declaration based on my own personal knowledge, on information contained in the records of the Department of Commerce, or on information provided to me by Commerce employees.

2. In my role at Commerce, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with court orders and federal law, including those related to probationary employees.

3. I submit this second declaration pursuant to this Court's September 12, 2025 Order on Cross-Motions for Summary Judgment.

4. I confirm that, subject to the clarifications provided in paragraphs 5 and 7 below, by November 14, 2025:

    a. As required by paragraph 3 of this Court's Order, Commerce had updated each terminated probationary employee's personnel files, including their SF-50s, to reflect that their termination was not performance or conduct based.

    b. As required by paragraph 4 of this Court's Order, for probationary employees who were terminated a second time following the April 9, 2025 decision of the U.S. Court of Appeals for the Fourth Circuit in *Maryland, et al. v. U.S. Department of Agriculture, et al.*, Nos. 25-1248, 25-1338, staying the preliminary injunction issued by the district court, Commerce had updated their personnel files to reflect that the second termination was not made retroactive to the date of the first termination. The personnel files for these employees now reflect a termination date of April 9, 2025, or later.

5. By November 14, 2025, Commerce had cancelled the earlier SF-50s and entered the updated information for the new SF-50s for each terminated probationary employee in the

Second Declaration of Crystal Taylor in Support of Defendant Department of Commerce's Report Regarding Compliance with September 12, 2025 Order
3:25-cv-1780-WHA

1

1  National Finance Center's (NFC's) database.  However, I note the following technical issues and
2  clarifications:

    a. For six of the terminated probationary employees, a processing error ("SINQ error") has occurred, preventing the updates from applying in NFC's database. We have opened tickets with NFC and anticipate that each of these SINQ errors will be resolved by November 29. The processing delay will have no impact on these employees' new SF-50s, once the error is resolved.

    b. We have confirmed that the cancellations and updates have successfully applied in NFC's database for all other terminated probationary employees. Through an automated, back-end process, the new SF-50 for each employee then populates in HR Connect, a web-based human resources software system accessible to Commerce human resources personnel. For the terminated probationary employees of the U.S. Patent and Trademark Office (USPTO) and one terminated probationary employee of the National Institute of Standards and Technology (NIST), their new SF-50s have not yet populated in HR Connect, because the back-end process to populate SF-50s in HR Connect from NFC's database runs only intermittently. We anticipate that these SF-50s will generate in HR Connect during the week of November 24.

    c. SF-50s flow from NFC into employees' eOPFs. However, due to an issue between NFC and the U.S. Office of Personnel Management (OPM), which began after the eOPF modernization initiative was undertaken earlier this year, SF-50s have not been successfully flowing from NFC to Commerce employees' eOPFs since May. I understand that NFC and OPM are aware of this issue and are actively working to resolve it. This means that, for all Commerce terminated probationary employees, the new SF-50s have not yet loaded to their eOPFs. Because eOPF requires a Commerce network login, former Commerce employees are not able to access their eOPFs, in any event. However, Commerce is able to

Second Declaration of Crystal Taylor in Support of Defendant Department of Commerce's Report Regarding Compliance with September 12, 2025 Order
3:25-cv-1780-WHA

2

provide any terminated probationary employee with a copy of their new SF-50 from HR Connect upon request.

    d. Removing the earlier, cancelled SF-50s from employees' eOPFs is a manual process. By November 18, we had initiated the deletion process for all terminated probationary employees, except for 4 former employees of the National Oceanic and Atmospheric Administration (NOAA), whose eOPFs had previously been transferred to the National Archives and Records Administration (NARA). We have recalled these 4 eOPFs from NARA and will initiate the deletion process for those once received. Once the deletion process is initiated, the SF-50 may remain in the employee's eOPF for up to 120 days.

6. I confirm that, as required by paragraph 5 of this Court's Order, by November 14, 2025, Commerce had issued individually-addressed corrective notices to each terminated probationary employee. An exemplar corrective notice is attached as Exhibit A.[1]

7. Pursuant to paragraph 8 of this Court's Order, I am submitting a third declaration, to be filed under seal, identifying each probationary employee whose termination was carried out after an individualized evaluation of that employee's performance or fitness and providing the individualized reasoning and documentation underpinning that termination. As permitted by this Court's Order, for these employees, Commerce has not (a) updated their personnel files to reflect that their terminations were not performance or conduct based; or (b) issued corrective notices.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 19, 2025

/s/
_____
CRYSTAL TAYLOR
ACTING CHIEF HUMAN CAPITAL OFFICER
DIRECTOR, OFFICE OF HUMAN RESOURCES MANAGEMENT
U.S. DEPARTMENT OF COMMERCE

---

[1] I note that corrective notices were not sent to two former NIST employees who received the "OPM template termination letter" in error. These two employees voluntarily resigned on February 28, 2025, and March 3, 2025, respectively, and were never terminated.

Second Declaration of Crystal Taylor in Support of Defendant Department of Commerce's Report Regarding Compliance with September 12, 2025 Order
3:25-cv-1780-WHA



**UNITED STATES DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
OFFICE OF HUMAN CAPITAL SERVICES

November 6, 2025

Redacted Name
Redacted Address
Redacted Address
Redacted Email Address

Dear Redacted Name,

      This corrective notice is provided to you pursuant to an order issued on September 12, 2025, by the United States District Court for the Northern District of California in the case *American Federation of Government Employees v. U.S. Office of Personnel Management*, No. 3:25-cv-1780-WHA (N.D. Cal.).

      As required by Paragraph 5 of the district court's order, the National Oceanic and Atmospheric Administration informs you that you were not terminated on the basis of your personal performance.

      As required by Paragraph 3 of that order, the National Oceanic and Atmospheric Administration has updated your personnel file, including your SF-50, to reflect that your termination was not performance or conduct based.

Sincerely,

Andrew J. Green, Acting Director
Office of Human Capital Services (OHCS)