IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARIANNA GOODMAN, et al.,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>HOWARD LUTNICK, in his official capacity as Secretary of Commerce, et al.,<br><br>    *Defendants*. | Case No.: 8:25-cv-02097-LKG |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs submit this brief surreply to address four issues raised for the first time in Defendants' reply brief. To the extent Defendants could have raised these arguments in their original motion, they have been forfeited. *See, e.g.*, *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). For the sake of completeness, Plaintiffs nevertheless respond briefly to each.

**ARGUMENT**

**I.    NOAA's recent court-ordered notices are relevant, at most, for damages calculation at a later stage of this litigation.**

Defendants argue that Plaintiffs cannot prove any damages based on the dissemination of inaccurate records in violation of 5 U.S.C. § 552a(e)(6) because, as of November 14, 2025, "NOAA issued each Plaintiff a corrective notice advising that they were not terminated on the basis of their personal performance and that their personnel files, including their SF-50s, have been updated to reflect that their terminations were not performance or conduct based." Reply 16 (cleaned up). Defendants fail to mention that a district court in California *ordered* NOAA to send

1

these notices because the court determined that the probationary terminations were illegal, and that employees "continue[d] to be harmed" by the agency's performance justification. *AFGE v. OPM*, 2025 WL 2633791, at *21 (N.D. Cal. Sept. 12, 2025).[1] That is entirely consistent with Plaintiffs' theory of harm arising out of Count 2. *See* Opp. 23–24. The California court—considering different legal challenges brought by different plaintiffs—was otherwise limited in the form of relief it could provide under the Administrative Procedure Act and the Supreme Court's rulings rejecting reinstatement as a remedy. *AFGE v. OPM*, 2025 WL 2633791, at *20–21.

In any event, Defendants' new argument is intensely factual and cannot be resolved on a motion to dismiss. And even if Defendants could eventually prove that the corrective notices provide complete relief—which they have not—that fact is relevant only to the question of the *amount* of damages Plaintiffs are entitled to recover, not whether Plaintiffs have alleged a legally viable claim. NOAA's compliance with a court order in November does nothing to offset or otherwise eliminate the damages Plaintiffs suffered for months from Defendants' unlawful conduct beginning in January and continuing up to (at least) the time of the claimed amendments.

## II.     There is no administrative channel to hear Plaintiffs' Privacy Act claims.

On reply, Defendants have shifted their position on the availability of alternative review for Plaintiffs' claims—an issue critical to Defendants' jurisdictional argument. In their original motion, Defendants conceded that review of Plaintiffs' claims under the CSRA was "foreclose[d]," but suggested that Plaintiffs could access "meaningful judicial review" by trying to "amend the records they claim are inaccurate" under an entirely different part of the Privacy Act. Mem. Supp. Mot. Dismiss 10, 12 n.2 (ECF No. 14-1) ("Mem."). Now, in their reply, Defendants argue, without

---

[1] Defendants did not raise this issue or the California litigation in their moving papers, even though the decision ordering NOAA to take these actions was issued on September 12, 2025—three weeks before Defendants filed their motion to dismiss.

2

citation or any additional detail, that CSRA review of Plaintiffs' claims is not in fact foreclosed, so long as Plaintiffs "pursue their challenges to their terminations through proper channels." Reply 12.

This change in position is notable for two reasons. First, it confirms that, at bottom, Defendants' jurisdictional argument relies on the presence of an administrative channel to hear Plaintiffs' Privacy Act claims. If there is no administrative channel, then Defendants' insistence that this case is one of "preclusion by administrative channeling" (Reply 9) cannot be right.[2] And if that administrative channel does not additionally lead to an Article III federal court, Defendants also lose even under channeling case law, because there is no possibility of "meaningful judicial review," one of the *Thunder Basin* factors. *See* Opp. 18–19.

Second, Defendants' new position—that Plaintiffs may take their Privacy Act claims elsewhere—is wrong. Regardless of whether Plaintiffs have a route to challenge their terminations under the CSRA, they cannot use those channels to assert the *Privacy Act claims* they bring here. Defendants do not contest that Privacy Act claims may only be brought in federal district court (*see* Opp. 4, 12–13), and the Federal Circuit has repeatedly disclaimed its own jurisdiction to consider such claims. *See Carell v. Merit Sys. Prot. Bd.*, 131 F. App'x 296, 299 (Fed. Cir. 2005); *Martin v. Dep't of Army*, 2000 WL 1807419, at *2 (Fed. Cir. Dec. 8, 2000) (per curiam); *Conyers v. Dep't of Veterans Affs.*, 2022 WL 2824657, at *1 (Fed. Cir. July 20, 2022) (per curiam). That should be the end of the inquiry, under any legal framework. *See Lucas v. AFGE*, 151 F.4th 370, 387 (D.C. Cir. 2025). Even the Supreme Court in *Elgin*, applying *Thunder Basin*, analyzed whether the plaintiffs there could obtain judicial review of their specific constitutional claims, not

---

[2] *Elgin v. Department of the Treasury*, 567 U.S. 1 (2012), is also inapposite for the reasons discussed in Plaintiffs' opposition brief. Opp. 12–14.

3

whether they could get review of any challenge to their termination more broadly. 567 U.S. at 17. Federal employees, probationary or otherwise, cannot bring Privacy Act claims through administrative channels, and those claims (unlike the constitutional claims at issue in *Elgin*) cannot be reviewed by the Federal Circuit. Plaintiffs otherwise stand on their previous arguments regarding the lack of alternative review. *See* Opp. 4, 12–13, 18.

**III.   The Privacy Act is not limited to "invasions of privacy."**

Defendants appear to argue for the first time that a Privacy Act claim is only cognizable to remedy a common-law "invasion of privacy." Reply 2, 17. Such a requirement is nowhere to be found in the text of the statute, *see* 5 U.S.C. § 552a(g)(1)(C)–(D), nor in the elements as described by courts, *see Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 657 (D.C. Cir. 1996); *Paige v. DEA*, 665 F.3d 1355, 1358–59 (D.C. Cir. 2012). And while this lawsuit may not allege unlawful disclosure under § 552a(b), it directly challenges federal agency record-keeping—one of the key issues to which the Privacy Act was directed. Opp. 2–3. At the core of this case is the straightforward proposition that if the government is going to fire an employee based on performance records, it must use accurate and complete records to do so. That is, in turn, a core protection specifically enumerated in the text of the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), and the Privacy Act should be interpreted as it is written. *See Fleck v. Dep't of Veterans Affs. Off. of Inspector Gen.*, 596 F. Supp. 3d 24, 47 (D.D.C. 2022).

**IV.   OPM, OMB, and DOGE are properly named.**

Having originally argued that Plaintiffs failed to sufficiently allege that OPM, OMB, and DOGE "maintained" the records at issue (Mem. 23), Defendants now move the goalposts, arguing for the first time on reply that the real problem is causation as to these three agencies (Reply 18). Even if that argument were not forfeited, it would still fail, because Plaintiffs have adequately

4

pleaded causation as to OPM, OMB, and DOGE. It is well established that Plaintiffs do not need to show that each agency made the final decision to fire Plaintiffs, only that an "adverse decision [was] made, by that or any agency, based on the record" that was maintained by the defendant agency. *Dickson v. OPM*, 828 F.2d 32, 36 (D.C. Cir. 1987). Here, Plaintiffs plausibly allege—and Defendants apparently no longer dispute—that these agencies maintained the offending records (Opp. 29–30), and Plaintiffs further allege that those records caused Plaintiffs harm (Opp. 20–22, 24) which is sufficient at this early stage of litigation (Opp. 20–21).

## CONCLUSION

For the foregoing reasons and those raised in Plaintiffs' opposition brief, the Court should deny Defendants' motion to dismiss.

Dated: December 5, 2025                                  Respectfully submitted,


*/s/ Clayton L. Bailey*
Clayton L. Bailey (Bar No. 31812)
Jessica Merry Samuels (Bar No. 31701)
**Civil Service Law Center LLP**
1325 G Street NW, Suite 500, PMB 801
Washington, DC 20005
(202) 571-7836
cbailey@civilservicellp.com

5