**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ARIANNA GOODMAN, *et al.*

Plaintiffs,

v.

HOWARD LUTNICK, *et al.*

Defendant.

Case No. 8:25-cv-02097-LKG

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, by and through undersigned counsel, hereby respond to Plaintiffs' Notice of Supplemental Authority (ECF No. 30) regarding *Jackson v. Kennedy*, No. 25-cv-1750, 2026 WL 172440, (D.D.C. Jan. 22, 2026), and state:

1. *Jackson* is factually distinct from this case and, therefore, inapplicable.[1] In *Jackson*, the Court concluded that Plaintiffs' Privacy Act claim survived dismissal in part because Plaintiffs alleged receiving a Reduction In Force (RIF) notice that "reflected at least one factual error in the personnel records used to terminate them," including "inaccurate, lower performance ratings than their actual ratings[,]" and inaccurate or incomplete "competitive areas," which Plaintiffs alleged "swept" them into the RIF when they "should not have been[.]" *Id.* at *4, 11; *see also Jackson, et al., v. Kennedy, et al.,* United States District Court for the District of Columbia, Case No.: 1:25-cv-01750-BAH, ECF No. 1, ¶ 5 (alleging that at least one plaintiff received a RIF notice that "reflected a recent performant rating of 3, but she had never received a score lower than 4"). In contrast here, Plaintiffs do not plausibly allege that Defendant relied on any factual error

[1] Notwithstanding *Jackson*, Defendant maintains that this Court lacks subject matter jurisdiction. *See* ECF No. 14.1, pp. 8-12.

in their personnel records in deciding to terminate Plaintiffs during their probationary period. They merely speculate that such inaccurate personnel records exist. *See* Motion to Dismiss, ECF No. 14.1, p. 16. *Jackson*'s conclusion has no bearing here.

2. *Jackson* is further distinct from this case because RIF regulations determine whether employees keep their positions or whether they have a right to different positions, *see, e.g.,* 5 C.F.R. §§ 351.201, *et seq*., and require the Government to analyze tenure of employment (i.e., type of employment), veterans' preference; length of service; and, performance ratings. *Id*. at §§ 351.401, *et seq*;. 351.501, *et seq*. Because of this requirement, *Jackson* held that the alleged errors in Plaintiffs' personnel files could bear on their inclusion in the RIF in violation of the Privacy Act. *Id*.

3. Unlike in *Jackson*, Plaintiffs here are probationary employees not subject to the same considerations and can be terminated during their probationary period subject to certain limitations not at issue. *See, e.g., State of Maryland v. USDA*, 2025 WL 2586795 at *1 -- 2 (4th Cir. Sept. 8, 2025) (certain probationary employees may challenge terminations under the Civil Service Reform Act for improper procedure or discrimination based on "partisan political reasons or marital status"); *Conyers v. Dep't of Com*., 2018 WL 1947073, at *2 (D. Md. Apr. 24, 2018) (the Merit Systems Protection Board has jurisdiction over the termination of probationary employees to determine whether "the termination was motivated by partisan political reasons or marital status, and/or if the termination was based on a pre-appointment reason, whether the agency failed to take required procedures").

4. *Jackson*, therefore, remains inapplicable and unpersuasive.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

*/s/ Melissa E. Goldmeier*
Melissa E. Goldmeier (No. 18769)
Assistant United States Attorney
United States Attorney's Office
District of Maryland
36 South Charles Street, Fourth Floor
Baltimore, Maryland, 21201
(410) 209-4855
Melissa.Goldmeier@usdoj.gov
*Counsel for Defendant*